UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

              Plaintiff,

v.

REGIONAL INTERNATIONAL
CORPORATION,

              Defendant.
_____

**DECISION AND ORDER**

6:17-CV-06505 EAW

## INTRODUCTION

Plaintiff Equal Employment Opportunity Commission ("EEOC") commenced this action on July 27, 2017, by filing a complaint pursuant to Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), against defendant Regional International Corporation ("Defendant"). (Dkt. 1). The EEOC alleged that Defendant violated the ADA by discriminating against John R. Moore II ("Moore") when Defendant terminated him because of his perceived disability or, in the alternative, failed to provide him with a reasonable accommodation and subsequently terminated his employment because of his disability. (*Id.* at 1).

Presently before the Court is the parties' joint motion to enter a consent decree. (Dkt. 24). For the reasons set forth below, the Court finds that the proposed Consent Decree is acceptable.

## BACKGROUND

According to the complaint, Defendant employed Moore as a truck-parts delivery

driver in Geneva, New York. (Dkt. 1 at ¶ 13). Moore was a qualified individual with a disability, namely, hip osteoarthritis; as a result, he suffered from arthritis and pain that worsened over time. (*Id.* at ¶¶ 15-17). In June 2015, Moore's doctor scheduled him for hip replacement surgery in August 2015. (*Id.* at ¶ 19). After Moore notified Defendant of the upcoming surgery and requested a few months' leave for recovery, Defendant terminated Moore's employment, citing ongoing customer complaints, even though Defendant had no documentation of any customer complaints. (*Id.* at ¶¶ 20-22). Defendant also told the EEOC that disabled people cannot work for Defendant because they would not be able to get the work done. (*Id.* at ¶ 23). Moore filed a Charge of Discrimination with the EEOC alleging that Defendant violated the ADA. (*Id.* at ¶ 7). The EEOC found reasonable cause to believe that Defendant violated the ADA and invited Defendant to engage in conciliation, which was unsuccessful. (*Id.* at ¶¶ 8-10). The instant lawsuit followed, and on April 24, 2018, the parties jointly moved to enter a consent decree (Dkt. 24).

## DISCUSSION

"Before entering a consent judgment, the district court must be certain that the decree 1) 'spring[s] from and serve[s] to resolve a dispute within the court's subject-matter jurisdiction,' 2) 'come[s] within the general scope of the case made by the pleadings,' and 3) 'further[s] the objectives of the law upon which the complaint was based.'" *Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989) (alteration in original) (quoting *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986). As discussed below, all three of those prongs are satisfied in this case.

This Court has subject matter jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§ 1331 (providing for federal question jurisdiction), 1343 (providing for "original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States"), and 1345 (providing for "original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress"). Therefore, the first prong is satisfied. *See Kozlowski*, 871 F.2d at 244.

The proposed Consent Decree falls within the scope of the pleadings. The complaint alleged that Defendant violated the ADA by discriminating against Moore when it terminated him because of his perceived disability or, in the alternative, failed to provide him with a reasonable accommodation and subsequently terminated his employment because of his disability. (Dkt. 1 at 1). Plaintiff sought, *inter alia*, a permanent injunction enjoining Defendants from engaging in disability discrimination, an order requiring Defendant to carry out policies and programs that provide equal employment opportunities for qualified individuals with disabilities, and an order requiring Defendant to provide Moore with back pay and damages. (*Id.* at 6-7). Under the proposed Consent Decree, Defendant, as well as its managers, officers, and agents, are "enjoined from refusing to provide a reasonable accommodation to their employees with disabilities, including leave where appropriate, and from terminating employees based on disabilities." (Dkt. 24-1 at

5). Defendant agrees to adopt anti-discrimination policies and complaint procedures (*see id.*, Exhibit A) and provide training on the statutes enforced by the EEOC, with a focus on the ADA and the newly-adopted anti-discrimination policies and complaint procedures (*id.* at 7-8). Defendant also agrees to pay Moore a total of $65,000, consisting of compensatory damages and back wages. (*Id.* at 10-11). The proposed Consent Decree therefore falls within the ambit of the pleadings, and the second prong is satisfied. *See Kozlowski*, 871 F.2d at 244.

The proposed Consent Decree also furthers the goals of the ADA, the law upon which the complaint was based. (*See* Dkt. 1). The purpose of the ADA is to eliminate widespread discrimination against individuals with disabilities. *See* 42 U.S.C. § 12101(b). The proposed Consent Decree furthers that goal by enjoining Defendant from engaging in disability discrimination and requiring Defendant to establish anti-discrimination policies and complaint procedures. (*See* Dkt. 24-1). Accordingly, the third prong is satisfied. *See Kozlowski*, 871 F.2d at 244.

## CONCLUSION

For the reasons set forth above, the Court finds that the proposed Consent Decree comes within the Court's subject matter jurisdiction and the scope of the pleadings, and that it furthers the objectives of the law upon which the complaint was based. Therefore, the proposed Consent Decree is approved and is filed as an attachment hereto. All issues having been resolved, this action is dismissed without prejudice. The Court retains jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided in the

Consent Decree.  In the event the parties need to invoke the Court's jurisdiction in that regard or reopen this matter, they do not need to file another action, but rather may file a motion under this case number, 6:17-CV-06505.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: June 6, 2018
Rochester, New York